IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SIDNEY CHAPPEL NELSON**                                                              **PLAINTIFF**

v.                                                                     CIVIL ACTION NO.: 5:20-cv-46-TBM-MTP

**UNIT MANAGER KAREN BROWN and**
**WARDEN SCOTT MIDDLEBROOKS**                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [26] filed by Defendants Unit Manager Karen Brown ("Brown") and Warden Scott Middlebrooks ("Middlebrooks"). Having considered the Motion [26], the record, and the applicable law, the undersigned recommends that the Motion [26] be granted, that Plaintiff's Complaint [1] be dismissed with prejudice, and that a strike be issued against Plaintiff.

## BACKGROUND

On February 21, 2020, Plaintiff Sidney Chappel Nelson, appearing *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. At all relevant times Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility. In his complaint and as clarified at the *Spears*[1] hearing, Plaintiff asserts that his due process rights under the Fourteenth Amendment were violated by Brown and Middlebrooks.

Plaintiff alleges that on October 18, 2019, two unnamed officers entered his cell and conducted a search. *See* [26-1] at 10. Plaintiff asserts that Brown later wrote a Rule Violation Report ("RVR") stating that she found contraband in Plaintiff's cell, but that she never entered his cell on that day. *Id*. at 11. Plaintiff appealed the RVR, and Middlebrooks ultimately expunged

---

[1] *Spears v. McCotter*, 766 F. 2d 179 (5th Cir. 1985).

1

the RVR from his file based on an administrative error. *See* [26-3]. Plaintiff alleges that as a result of this RVR, Plaintiff was downgraded in custody status, lost privileges, and lost his job as a "pod orderly."[2] *Id*. at 12, 14. He asserts that even though the RVR was expunged, he did not regain everything that had been taken away[3] and seeks compensatory damages for mental and emotional stress. *Id*. at 17.

On March 8, 2021, Defendants filed the instant Motion for Summary Judgment [26] arguing that Plaintiff failed to state a constitutional claim against them, and that Plaintiff's claim for compensatory damages is barred under the Prison Litigation Reform Act ("PLRA"). Plaintiff filed two Responses [30] [32], and the matter is now ripe for review.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgement will be granted when "the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The Court is not permitted to make credibility determinations or weigh the evidence. *See Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2001)). When

---

[2] According to Plaintiff's testimony from the Spears hearing, pod orderlies are tasked with keeping an assigned area of the facility clean. *See* Omnibus Order [23] at 2 n.3.

[3] Defendants indicate that the reason Plaintiff did not regain his custody status, privileges, or job is because he further violated prison rules and received additional RVRs which impacted these same items. *See* [27] at 6. As Plaintiff has not asserted deprivation of a constitutional right, this clarification does not affect the undersigned's recommendation.

deciding whether a genuine issue of fact exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C.§ 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas,* 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. § 1983). Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir.1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which ... imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison,* 104 F.3d at 767 (holding that an inmate's 30 day commissary and cell phone restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer,* 2010 WL 6004375, at *1 (E.D. Tex. July 26, 2010) (determining that loss of telephone and visitation privileges did not rise to a level of constitutional deprivation); *Sharp v. Anderson,* 2000 WL 960568, at *1 (5th Cir.2000) (concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found guilty of a disciplinary charge did not implicate the protections of the due process clause).

In the Motion for Summary Judgment [26], Defendants argue that Plaintiff's alleged deprivations of his job, custody status, and privileges are not protected liberty interests, and therefore, no constitutional right has been violated or is implicated. The Court agrees.

Prisoners do not have a protected liberty interest in their job assignment, and the fact that Plaintiff lost his prison job as a result of the issuance of the RVR is not an "atypical and significant hardship" of prison life. *See Bulger v. United States* 65 F.3d 48, 50 (5th Cir.1995) (holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits). Plaintiff likewise does not

4

have a constitutionally-protected liberty interest in his custodial classification. *See Neals v. Norwood*, 59 F. 3d 530, 533 (5th Cir. 1995)("…[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation."). Plaintiff also claims loss of privileges, which he described as access to programs and recreation. *See* [26-1] at 15. None of these alleged deprivations rise to the level of a constitutional violation and are merely ordinary incidents of prison life. *See King v. Sims,* 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment, and loss of commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights).

Additionally, Plaintiff's sole request for relief—monetary damages—is not an available remedy based on the facts alleged. *See* [26-1] at 17. As noted above, Plaintiff is not entitled to relief based on his alleged deprivations. Even if Plaintiff were entitled to relief, the PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff has not alleged any physical injuries as a result of the emotional or mental distress and, consequently, no recovery for mental or emotional injury is available to him.

The undersigned finds that Plaintiff has failed to assert the deprivation of a constitutional right and, therefore, Defendants' Motion for Summary Judgment [26] should be granted. This action should be dismissed for failure to state a claim.

Under 28 U.S.C. § 1915(g), a strike may be imposed if a suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted." As Plaintiff has not stated an actionable

claim under § 1983, the undersigned recommends that this action be dismissed with prejudice, and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [26] be GRANTED;

2. Plaintiff's Complaint [1] be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. The dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the district judge, the magistrate judge and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence, or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of May, 2021.

                                                s/Michael T. Parker
                                                UNITED STATES MAGISTRATE JUDGE